IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | | |
|---|---|---|
| IBEW LOCAL NO. 461 WELFARE TRUST FUND, IBEW LOCAL NO. 461 PENSION TRUST FUND, IBEW LOCAL NO. 461 DEFINED CONTRIBUTION PENSION PLAN, NATIONAL ELECTRICAL BENEFIT FUND, IBEW LOCAL NO. 461 JOINT APPRENTICESHIP AND TRAINING COMMITTEE FUND, NECA-IBEW NATIONAL LABOR-MANAGEMENT COOPERATION COMMITTEE FUND, IBEW LOCAL NO. 461 ADMINISTRATIVE MAINTENANCE FUND, IBEW LOCAL NO. 461 WORKING ASSESSMENT DUES FUND, and BRUCE ANDERSON and JOEL PYLE II, in their capacities as Trustees of the Funds, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 17 CV 6667 <br><br> Judge <br><br> Magistrate Judge |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| GARY EDWARDS d/b/a EDWARDS ELECTRIC, | ) ) ) | |
| Defendant. | ) ) | |

_____

## COMPLAINT

_____

The IBEW Local No. 461 Welfare Trust Fund, IBEW Local No. 461 Pension Trust Fund, IBEW Local No. 461 Defined Contribution Pension Plan, National Electrical Benefit Fund, IBEW Local No. 461 Joint Apprenticeship and Training Committee Fund, NECA-IBEW National Labor-Management Cooperation Committee Fund, IBEW Local No. 461 Administrative Maintenance Fund and IBEW Local No. 461 Working Assessment Dues Fund (the "Funds"), by its attorneys, for its complaint

against defendant Gary Edwards, doing business as Edwards Electric ("Edwards Electric"), assert as follows:

1.      This is an action by the Funds and their representatives to collect delinquent contribution amounts defendant owes to the Funds and to compel defendant to make appropriate contributions, as required by defendant's collective bargaining agreement, the governing documents for the Funds, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA") and the Labor Management Relations Act of 1947, 29 U.S.C. § 186(c)(5).

## PARTIES

2.      The IBEW Local No. 461 Welfare Trust Fund, IBEW Local No. 461 Pension Trust Fund, IBEW Local No. 461 Defined Contribution Pension Plan, National Electrical Benefit Fund, IBEW Local No. 461 Joint Apprenticeship and Training Committee Fund are "employee benefit plans" within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and/or are established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, 29 U.S.C. § 186(c)(5). The Funds are multi-employer plans as defined under ERISA §§ 3(1), 3(2), 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(1), 1002(2), 1002(37) and 1301(a)(3). The Funds are administered variously in Aurora, Illinois and Lansing, Michigan. The ERISA multi-employer plans are administered by joint Boards of Trustees, composed equally of representatives of employers and employees, which serve as "Plan Sponsor" and "Administrator" of the Funds within the meaning of ERISA § 3(16), 29 U.S.C. § 1002(16).

3.      The NECA-IBEW National Labor-Management Cooperation Committee Fund, IBEW Local No. 461 Administrative Maintenance Fund and IBEW Local No. 461 Working Assessment Fund are fringe benefit funds established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, 29 U.S.C. § 186(c)(5). The Funds are administered Aurora, Illinois.

4.     Plaintiffs Bruce Anderson and Joel Pyle II are trustees and fiduciaries of the Funds within the meaning of § 3(21) of ERISA (29 U.S.C. § 1002(21)) and as such have standing to be Plaintiffs in this action and to seek the remedies prayed for.

5.     Gary Edwards, upon information and belief, is the owner of Edwards Electric, an Illinois single location proprietorship small business, with offices and facilities in St. Charles, Illinois.  Gary Edwards operates Edwards Electric at 41W126 Oak Drive, St. Charles, Illinois within this jurisdictional district.  Edwards Electric is contractually obligated to contribute to the Funds and is also subject to the applicable Fund Agreements and Declarations of Trust ("Trust Agreement").

## JURISDICTION AND VENUE

6.     The Court has jurisdiction to hear this matter pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145.

7.     Venue is proper in this Court under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the majority of the Funds are administered in this district and the breaches giving rise to this action all took place in this district.

## BACKGROUND

8.     Defendant Edwards Electric is party to the collective bargaining agreement  for Inside Wiremen (the "Agreement") negotiated between the Local Union No. 461 affiliated with the International Brotherhood of Electrical Workers ("Union") and the Aurora Division, Northeastern Illinois Chapter of National Electrical Contractors Association, Inc., and accepted by Edwards Electric and Local 461 via Letter of Assent dated March 26/27, 1986, which requires defendant under Articles VI – IX and Appendix to contribute specific amounts to all the Funds in consideration of benefits provided by the Funds to Edwards Electric's employees.

9.     Edwards Electric is a party to and bound by the Trust Agreements of the IBEW Local No. 461 Welfare Trust Fund, IBEW Local No. 461 Pension Trust Fund, IBEW Local No. 461 Defined Contribution Pension Plan, National Electrical Benefit

Fund, IBEW Local No. 461 Joint Apprenticeship and Training Committee Fund. The Trust Agreements obligate Edwards Electric to make timely contribution payments to these Funds as required by the Agreements.

10.     Edwards Electric is party to and bound by the Participation Agreement For Non-Contract Employees it signed with the IBEW Local No. 461 Welfare Trust Fund on February 26, 2009. The Participation Agreement obligates Edwards Electric to make contributions to the Welfare Fund on behalf of all of its full-time employees who are not members of the bargaining unit.

11.     Edwards Electric has refused to submit to a standard audit by the Funds' professionally contracted auditors for the period of January 1, 2012 through the present date despite the Funds' authority to perform such an audit and, as such, potential amounts due the Funds are unknown.

12.     When the Funds became aware of Edwards Electric's late payment delinquencies, it notified defendant that it was required to make the required payments on behalf of its employees pursuant to the Agreements and Trust Agreements. Edwards Electric has failed to make all of the required payments on behalf of its employees.

13.     Section 502 of ERISA, the Trust Agreements and the Participation Agreement authorize the Trustees to establish rules and regulations establishing reasonable liquidated damages to be added to delinquent contributions.

14.     Pursuant to the Trust Agreements, the Participation Agreement and Section 502 of ERISA, the Trustees have prescribed rules governing delinquencies which provide that the Funds' rights include the recovery of all costs and reasonable attorney's fees.

### COUNT I:  BREACH OF TRUST AGREEMENT RULES (AUDIT)

15.     Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 14 above and incorporate the same as though fully set forth herein word for word.

16.     Due demand has been made upon Edwards Electric for payment of all sums due and owing, but said defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

17.     Because, as the Funds are informed and believe, Edwards Electric has not made timely and prompt contributions on behalf of all covered employees, the corpus of the Funds' trust funds are reduced, their income is reduced, and their ability to pay benefits to qualified participants and beneficiaries are curtailed.  Consequently, ERISA and the Funds' employee benefit plans have been violated, and the plaintiffs are entitled to all of the remedies provided by ERISA.

18.     Because Edwards Electric has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify.  These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said defendant is not mandatorily compelled to comply with its collective bargaining agreement and enjoined from further breaches.

19.     The Funds fear that Edwards Electric could be disposing of assets and diverting them to the benefit of other creditors who are not protected by the trust created by federal common law, to the prejudice of the plaintiffs, and could also be losing substantial amounts of money.  This would make a money judgment a nullity, and as such would be an inadequate remedy at law.

20.    Due demand has been made upon Edwards Electric for access to its books and records to perform an audit in order to determine the amounts due and owing the Funds, but said defendant has ignored all said requests.

**WHEREFORE**, the Fund requests:

1.    An order requiring Edwards Electric to restore to the trust created by federal common law all funds which have been misappropriated by virtue of the defendant's using trust fund money to pay those other than those entitled to the benefit of the trust created thereto.

2.    Judgment on behalf of the Funds and against Gary Edwards personally, doing business as Edwards Electric:

(a)    For unpaid contributions, interest and liquidated damages for the period January 1, 2012 to the present;

(b)    For unpaid contributions, interest and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

(c)    Actual attorney fees and the costs of this action.

3.    An order permanently restraining Edwards Electric, its employees, agents, attorneys or any other acting on its behalf from:

(a)    Transferring or disposing of assets, accounts receivable, tax refunds and/or equipment to any party pending further order of the Court;

(b)    Taking any loan repayment, dividend, or salary until all amounts due are paid in full to the Funds; and

(c)    Refusing to comply with the terms of the collective bargaining agreement requiring contributions to the Funds, refusing to comply with the terms of the Employee Retirement Income Security Act of 1974 (29 U.S.C. Sec. 1132) and refusing to comply with the terms of the Funds' employee benefit plans.

6

4.      An order directing Edwards Electric to submit to an audit of the company's books and records by the Funds' designated representative for the period January 1, 2012 to the present.

5.      The Court should retain jurisdiction pending compliance with its orders.

Dated this 15th day of September, 2017.

Respectfully submitted,

IBEW LOCAL NO. 461 WELFARE TRUST
FUND, et. al.


By:     s/ Andrew S. Pigott
        One of their Attorneys

Donald D. Schwartz
Andrew S. Pigott
ARNOLD AND KADJAN, LLP
35 East Wacker Drive, Suite 600
Chicago, Illinois  60601
(312) 236-0415


Of Counsel:
Philip R. O'Brien (1015549)
Sarah A. Huck (1036691)
Reinhart Boerner Van Deuren s.c.
1000 North Water Street
Suite 1700
Milwaukee, WI 53202
414-298-1000
414-298-8097 (fax)